## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ORGANIC CONSUMERS ASSOCIATION, 6771 South Silver Hill Drive, Finland, MN 55603, on behalf of the general public,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**HANDSOME BROOK FARM, LLC, 4132 East Handsome Brook Road, Franklin, NY 13775, HANDSOME BROOK FARM GROUP 2 LLC, 4132 East Handsome Brook Road, Franklin, NY 13775 and DOE CORPORATION Nos. 1-10 (the names Doe Corporation being fictitious as the true names are presently unknown),**<br><br>    **Defendants.** | **Civil Case No. 1:16-cv-1906** |

## NOTICE OF REMOVAL

Defendants Handsome Brook Farm, LLC and Handsome Brook Farm Group 2 LLC (hereinafter "Defendant" or "Handsome Brook Farm") hereby remove this case from the Superior Court of the District of Columbia, Civil Division, Case No. 2016 CA 006223 B, to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully showing as follows:

### Background

1.     This is an action brought by the Organic Consumers Association ("Plaintiff" or "OCA") against Defendant, a producer of eggs, arising from the "pasture raised" labeling of its egg products.  A true and correct copy of the Complaint is attached as Exhibit A to this Notice of Removal.

1

2.      Plaintiff alleges that it is a "non-profit public-interest organization[.]" Complaint, ¶ 17. Plaintiff, a Minnesota entity, purports to bring this action against Handsome Brook Farm "acting for the benefit of the general public as a private attorney general" pursuant to D.C. Code § 28-3905(k)(1). *Id.* ¶ 24. Plaintiff asserts a cause of action for violations of the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code §§ 28-3901–3913, alleging that Defendant's labeling of its eggs as "pasture raised" is false, deceptive and misleading. *Id.* ¶ 6. OCA alleges a "sufficient nexus to consumers" of Defendant's pasture-raised egg to adequately represent their interests. *Id.* ¶ 102.

3.      As explained below, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and the action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because there is complete diversity of citizenship between OCA and Handsome Brook Farm and the amount in controversy exceeds $75,000, exclusive of interest and costs. Additionally, venue is proper in this Court because it is the district court of the United States for the district embracing the court where the action was brought. 28 U.S.C. § 1441(a).

### Diversity of Citizenship

4.      When determining diversity jurisdiction, a business organized as a corporation is "deemed to be a citizen of a State by which it has been incorporated" and also a citizen "of the State where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306, 163 L. Ed. 2d 797 (2006) (citing U.S.C. 28 § 1332(c)(1)).

5.      OCA is, and at the time the Complaint was filed, a non-profit domestic corporation incorporated under the laws of the State of Minnesota with its principal place of business in Minnesota. *See* Exhibit B, Minnesota Secretary of State Business Record Details,

*Organic Consumers Association* (last accessed Sept. 8, 2016).  Therefore, Plaintiff is a citizen of the State of Minnesota for purposes of federal diversity jurisdiction.  28 U.S.C. 1332(c)(1).

6.      Defendant Handsome Brook Farm Group 2, LLC is a domestic limited liability company organized under the laws of the State of New York with its principal place of business in New York.  *See* Exhibit C, New York State Division of Corporations Entity Details, *Handsome Brook Farm Group 2, LLC.*  Unincorporated associations, including LLCs, have the citizenship of each of their members.  *Americold Realty Trust v. Conagra Foods, Inc.,* 136 S. Ct. 1012, 1015, 194 L. Ed. 2d 71 (2016); *CostCommand, LLC v. WH Administrators, Inc.,* 820 F.3d 19 (D.C. Cir. 2016).  The sole member of Handsome Brook Farm Group 2, LLC is Handsome Brook Farm, LLC, which is a Delaware limited liability corporation.  *See* Exhibit D, Declaration of Bryan Babcock, ¶¶ 6, 10.  The members of Handsome Brook Farm, LLC are citizens of New York and Connecticut.  *Id.,* ¶ 7.  Therefore, Defendant Handsome Brook Farm is a citizen of New York, Delaware and Connecticut for purposes of federal diversity jurisdiction.

7.      The citizenship status of Doe Corporation Nos. 1-10 is disregarded.  28 U.S.C. § 1441(b)(1).

8.      The requisite diversity of citizenship is satisfied because OCA and Handsome Brook Farm are citizens of different "States." 28 U.S.C. §§ 1332(a)(1), 1332(e).  Moreover, because Handsome Brook Farm is not a citizen of the District of Columbia, there is no in-forum defendant.

## Amount in Controversy

9.      When a plaintiff seeks injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).  The Court "may look either to the value of

the right that plaintiff seeks to enforce or to protect[,] or to the cost to the defendants to remedy the alleged denial." *Geo Specialty Chems., Inc. v. Husisian,* 951 F. Supp. 2d 32, 39-40 (D.D.C. 2013) (quoting *Smith v. Washington,* 593 F.2d 1097, 1099 (D.C. Cir. 1978) (footnote and internal quotation marks omitted)).  Put another way, "[t]he value of injunctive relief for determining the amount in controversy can be calculated as the cost to the defendant." *Wexler v. United Air Lines, Inc.,* 496 F. Supp. 2d 150, 153 (D.D.C. 2007) (citing *Comm. for GI Rights v. Callaway,* 518 F.2d 466, 472-73 (D.C. Cir. 1975)).

10.     In this case, the injunctive relief sought by OCA includes a "halt of Handsome Brook's false marketing and sale of the Products and a court-ordered corrective advertising campaign[.]"  Complaint, ¶ 11.  Similarly, OCA seeks "a change in Handsome Brook's agricultural practices so that the Products are pasture-raised as labeled and marketed, or an injunction against the use of the 'Pasture-Raised' label." *Id.* ¶ 89.

11.     Though no evidentiary submission is required to be incorporated in a notice of removal to assert the amount in controversy, *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014), Handsome Brook Farm nevertheless submits evidentiary support herein.

12.     While making no admissions of liability whatsoever, and reserving the right to assert any available and appropriate general and affirmative defenses, Handsome Brook Farm avers that the value of object of the litigation likely exceeds $220,000.  Babcock Decl. ¶¶ 12–17. *See* 28 U.S.C. § 1446(c)(2)(B) (requisite amount in controversy may be demonstrated by "preponderance of the evidence").

13.     Additionally, "[a]ttorney fees are part of the amount in controversy if they are provided for by statute or contract." *Info. Strategies, Inc. v. Dumosch,* 13 F. Supp. 3d 135, 144

(D.D.C. 2014) (quoting *Zuckman v. Monster Beverage Corp.,* 958 F. Supp. 2d 293, 301 (D.D.C. 2013)).  A prevailing DCCPPA plaintiff may recover "[r]easonable attorney's fees" by statute. D.C. Code § 28-3905(k)(2)(B).  The Court therefore considers attorney's fees as part of the amount in controversy here.

14.     In this case, Plaintiff OCA is represented by two different law firms and seeks attorney fees for alleged violations of the DCCPPA.  *See* Complaint, Prayer for Relief, Part B. Therefore, in determining the amount in controversy in this case, the Court should consider expected attorney fees generated through a trial of this matter, which alone would likely exceed $75,000.00.

15.     Defendant asserts that Plaintiff cannot recover expert witness fees in this action because there is no explicit statutory authority for such a recovery under the DCCPPA. *Crawford Fitting Co v. J.T. Gibbons,* 482 U.S. 437, 439, 96 L. Ed. 2d 385, 107 S. Ct. 2494 (1987).  However, the fact that OCA seeks such fees requires the Court to consider expected expert witness fees in determining the amount in controversy in this case.  *See* Complaint, Prayer for Relief, Part B.

16.     Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

## Procedural Requirements for Removal

17.     On or about August 19, 2016, Plaintiff filed this Complaint.  On August 26, counsel for Defendant Handsome Brook Farm was provided a copy of the Complaint via email from OCA's counsel.  However, the time for removal does not commence until formal service of process, "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d

448 (1999) (interpreting the language set forth in 28 U.S.C. § 1446(b)); *Cofield v. Corizon, Inc.,* No. 13-1442 (ESH), 2013 U.S. Dist. LEXIS 173588, at *4 (D.D.C. Dec. 12, 2013).

18.     Despite providing the requisite papers to allow for waiver of service process, OCA also executed service of process, including a Summons and the Complaint, to Handsome Brook Farm's registered address, and Defendant was informed that said service of process occurred on August 29, 2016.  Therefore, the time period in which to file a Notice of Removal of this matter commenced on August 29, 2016.  This Notice of Removal is therefore timely because it is being filed no later than thirty days after service of the Complaint in this action as required by 28 U.S.C. § 1446(b).

19.     Pursuant to agreement between the parties, Handsome Brook Farm also executed waiver of service, making any responsive pleading to the Complaint in the Superior Court for the District of the District of Columbia due October 5, 2016.  Therefore, the Superior Court of the District of Columbia has not taken any substantive action in this matter, and Handsome Brook Farm will answer or otherwise plead within seven days of the filing of this Notice of Removal. Fed. R. Civ. P. 81(c)(2)(C).

20.     Attached as Exhibit E is all process, pleadings, papers, or orders filed in the Superior Court of the District of Columbia, Civil Division.

21.     The United States District Court for the District of Columbia is the federal judicial district encompassing the Superior Court of the District of Columbia, Civil Division, where Plaintiff originally filed this action, making this the proper federal district for removal of this case to federal court.  28 U.S.C. § 441(a); 28 U.S.C. § 88.

22.     Pursuant to 28 U.S.C. § 1446(b), Handsome Brook Farm will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the District of Columbia, Civil Division, and will serve a copy of same upon counsel for Plaintiff.

23.     If any question arises as to the propriety of the removal of this action, or in the even the Court considers remand *sua sponte,* Defendant requests the opportunity to brief any disputed issues and to present oral argument or testimony in support of its position that this action is properly removable. *Dart Cherokee Basin Operating Co.,* 135 S. Ct. at 554.

24.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) Plaintiff's lack of standing to file this action in any court; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim upon which relief can be granted; (g) failure to join indispensable party(ies); or (h) any other procedural or substantive defense under applicable state or federal law.

25.     Handsome Brook Farm reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE,** Defendant Handsome Brook Farm gives Notice that the matter styled *Organic Consumers Association, 6771 South Silver Hill Drive, Finland, MN 55603, on behalf of the general public v. Handsome Brook Farm, LLC, 4132 East Handsome Brook Road, Franklin, NY 13775, Handsome Brook Farm Group 2, LLC, 4132 East Handsome Brook Road, Franklin, NY 13775 and Doe Corporation Nos. 1-10 (the names Doe Corporation being fictitious as the true names are presently unknown),* Case No. 2016 CA 006223 B, in the Superior Court for the

District of Columbia, Civil Division, is removed to the United States District Court for the

District of Columbia pursuant to 28 U.S.C. §§ 1441 and 1446.


This <u>26th</u> day of September, 2016.                        Respectfully submitted,

                                                                */s/ Sanjay S. Karnik*

                                                                Sanjay S. Karnik
                                                                District of Columbia Bar No. 998684
                                                                AMIN TALATI UPADHYE, LLP
                                                                100 S. Wacker Dr., Suite 2000
                                                                Chicago, IL 60606
                                                                T: (312) 327-3327
                                                                F: (312) 884-7352
                                                                sanjay@amintalati.com

                                                                *Attorney for Defendants, Handsome Brook*
                                                                *Farm, LLC and Handsome Brook Farm*
                                                                *Group 2, LLC (collectively "Handsome*
                                                                *Brook Farm")*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2016, a true and correct copy of the

foregoing Notice of Removal, including the following documents:

1.    Notice of Removal;

2.    Exhibit A – Complaint;

3.    Exhibit B – Minnesota Secretary of State Business Record Details, *Organic Consumers Association;*

4.    Exhibit C – New York State Division of Corporations Entity Details, *Handsome Brook Farm Group 2, LLC;*

5.    Exhibit D – Declaration of Jordan Czeizler (and exhibits attached thereto);

6.    Exhibit E – All Documents from the Superior Court of the District of Columbia; and

7.    Civil Cover Sheet;

was served by first-class mail, postage prepaid, and via email, upon:

> Kim E. Richman
> THE RICHMAN LAW GROUP
> 81 Prospect Street
> Brooklyn, NY 11201
> Telephone: (212) 687-8291
> Facsimile: (212) 687-8292
> Email: krichman@richmanlawgroup.com

> Carter Dillard
> ANIMAL LEGAL DEFENSE FUND
> 170 East Cotati Avenue
> Cotati, CA 94931
> Telephone: (707) 795-2533
> Facsimile: (707) 795-7280
> Email: cdillard@aldf.org

*Attorneys for Plaintiff, Organic Consumers Association*

By:    */s/ Sanjay S. Karnik*

*Attorney for Defendants, Handsome Brook Farm, LLC and Handsome Brook Farm Group 2, LLC (collectively "Handsome Brook Farm")*